CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 0 3 2013

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:08-cr-00022-1 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| TSAIKUWN ALDAGO HAIRSTON, | ) | By:   Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Tsaikuwn Aldago Hairston, a federal inmate proceeding pro se, filed a motion to vacate,
set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States filed a motion to
dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the
record, I find petitioner is not entitled to relief and grant the United States' motion to dismiss.

### I.

### A.

On March 14, 2006, petitioner was involved in a minor traffic accident in Martinsville,
Virginia, and the responding police officer arrested petitioner for outstanding arrest warrants.
The officer's subsequent searches revealed $57,595 in a backpack on the passenger-seat floor
and in petitioner's pockets. The currency was transferred to the local Drug Enforcement Agency
office where it underwent ion scans, which suggested that $20,000 had been in immediate
contact with cocaine.

As a result of prior investigations, various drug traffickers told law enforcement officers
that they had distributed crack cocaine and cocaine powder with petitioner and routinely saw
petitioner possess a firearm while dealing cocaine. In September 2006, the United States filed a
verified complaint for forfeiture of $57,595, pursuant to 21 U.S.C. § 881(a)(6), and petitioner
filed a claim of right. Petitioner and the United States ultimately agreed to petitioner forfeiting

all but $4,500 via a written agreement dated February 15, 2007. The written agreement recited the United States' allegation that the currency was proceeds from distributing cocaine and that petitioner "does not contest the allegation by the United States, solely for purposes of this Stipulation for Compromise Settlement." Stipulation (ECF no. 18), United States v. $57,595.00 in U.S. Currency, No. 4:06-cv-00048 (W.D. Va. 2007). The agreement also stated, "It is understood and agreed by the parties that this Stipulation is for purpose of compromise of a disputed claim and is not to be construed as an admission by [petitioner] that the [$57,595] was involved in said violation as set forth by the United States." Id. I entered an Order of Forfeiture, pursuant to the parties' stipulation, on February 16, 2007.

**B.**

A grand jury in the Western District of Virginia indicted petitioner in August 2008 for conspiring to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and possessing a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). A jury trial on these two counts resulted in a mistrial without prejudice in April 2009. The United States continued its investigation and obtained a superseding indictment in May 2009 that retained the original two charges and further charged one count of perjury, in violation of 18 U.S.C. § 1623, and committing a criminal offense while on pretrial release, in violation of 18 U.S.C. § 3147.

Petitioner, proceeding with counsel, filed two pretrial motions to exclude evidence: a motion in limine to exclude the ion scan results and a motion to suppress petitioner's statements to police and the $57,595. I denied the motion to suppress and deferred adjudicating the motion in limine until additional evidence could be presented. Just before the jury trial began on

2

October 26, 2009, I heard additional testimony about the ion scans and denied the motion in limine.

The jury returned guilty verdicts on all counts, and I denied counsel's motion for judgment of acquittal. At the sentencing hearing on January 26, 2010, I granted counsel's motion for a downward departure/variance and imposed a below-guidelines sentence of, inter alia, 301 months' incarceration.

The United States first noted, but then withdrew, an appeal, and counsel thereafter noted an appeal. Petitioner argued that I erred by denying the motion to suppress, the motion in limine, and the motion for judgment of acquittal. The Court of Appeals reviewed the record, found no error in my decisions, and affirmed petitioner's convictions. United States v. Hairston, 409 F. App'x 668 (4th Cir. 2011). The Supreme Court of the United States denied a writ of certiorari. Hairston v. United States, No. 10-4303, slip op. at 1 (May 31, 2011).

### C.

Petitioner timely filed the instant § 2255 motion, arguing multiple claims. Petitioner argues that I erred by not giving the jury a special verdict form or jury instruction forms to establish drug type and quantity; by accepting the drug quantities described in the presentence report ("PSR") as a factual basis to determine a sentence; and by exercising "questionable" jurisdiction. Petitioner also argues that the five-year statute of limitations expired from the last overt criminal act and that the evidence did not support the convictions for conspiring to distribute crack cocaine, carrying a firearm in furtherance of drug trafficking, and committing perjury. Finally, petitioner argues that counsel rendered ineffective assistance, in violation of the Sixth Amendment, by not arguing a double jeopardy claim; not arguing that the ion scans were

3

inadmissible; not arguing that the statute of limitations expired; not arguing the lack of historical evidence; and not arguing that the evidence did not support the firearm conviction. After reviewing the record, I find that petitioner's claims are procedurally defaulted and do not entitle him to relief.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. See United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences via motions pursuant to 28 U.S.C. § 2255, addressing jurisdictional errors, constitutional violations, proceedings that resulted in a complete miscarriage of justice, or events that were inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 784 (1979). A petitioner seeking relief under § 2255 must prove that: (1) the sentence violated the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A. PETITIONER CANNOT COLLATERALLY ATTACK THE JUDGMENT WITH CLAIMS ALREADY ADJUDICATED BY THE COURT OF APPEALS.

Petitioner argues in his § 2255 motion that I erred by admitting the $57,595 and the ion scan results into evidence and that the evidence was insufficient to sustain his convictions for conspiring to distribute crack cocaine, carrying a firearm in furtherance of drug trafficking, and committing perjury. The Court of Appeals already determined that I properly allowed the $57,595 into evidence; I properly allowed the evidence of the ion scan results, and the evidence was sufficient to find petitioner guilty of conspiring to distribute crack cocaine, carrying a

4

firearm in furtherance of drug trafficking, and committing perjury. Issues fully considered on direct appeal may not be reconsidered under the guise of a collateral attack via 28 U.S.C. § 2255. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (citing Herman v. United States, 227 F.2d 332 (4th Cir. 1955)). See United States v. Roane, 378 F.3d 382, 397 (4th Cir. 2004) ("Because we addressed this issue on direct appeal . . ., Defendants cannot raise their . . . claim again in these § 2255 proceedings.") Accordingly, these claims were already denied by the Court of Appeals and must be dismissed.

B. PETITIONER'S CLAIMS OF ERROR NOT ARGUED ON DIRECT APPEAL ARE PROCEDURALLY DEFAULTED.

Petitioner argues that I committed reversible error during the criminal proceedings by failing to give the jury a special verdict form or jury instruction forms about drug quantity for sentencing; failing to properly instruct the jury about the § 924(c) charge; and by attributing more than 50 grams of cocaine base and 500 grams of cocaine powder to him for sentencing purposes.

Claims that could have been raised on direct appeal but were not are procedurally defaulted unless the petitioner demonstrates actual innocence or both cause for the default and actual prejudice from the failure to review the claim. United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Actual innocence means factual innocence, not merely the legal insufficiency of his conviction or sentence. Bousley v. United States, 523 U.S. 614, 623-24 (1998). See House v. Bell, 547 U.S. 518, 536-37 (2006) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."). To establish cause, petitioner must point to some objective factor beyond his control that impeded or

prevented him from presenting the claim. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Objective factors that may constitute cause include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). To show prejudice, petitioner must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." McCarver v. Lee, 221 F.3d 583, 592 (4th Cir. 2000) (quoting Frady, 456 U.S. at 170). Petitioner does not present any cause and prejudice to excuse procedurally defaulting these claims, and the evidence established petitioner was not actually innocent of the charges. Accordingly, these claims must be dismissed as procedurally defaulted.[1]

C. PETITIONER FAILS TO ESTABLISH INEFFECTIVE ASSISTANCE OF COUNSEL.

Petitioner argues that counsel rendered ineffective assistance, in violation of the Sixth Amendment, by failing to move for dismissal for a violation of Double Jeopardy; to prevent the admission of the ion scan results; to move for dismissal of the conspiracy charge; and to challenge the use of historical evidence to prove a conspiracy. Petitioner must satisfy the two-

---

[1] These claims would fail on their merits even if they were not procedurally defaulted. The jurors were instructed to make a finding of drug quantity, which they determined to be more than 50 grams of cocaine base and 5,000 grams of cocaine powder. A Pinkerton jury instruction was not necessary because petitioner was tried alone; the jury would attribute all drug amounts to only him. See, e.g., Pinkerton v. United States, 328 U.S. 640 (1946). I properly instructed the jury for the § 924(c) charge, and none of my statements to the jury broadened the superseding indictment. See United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (discussing constructive amendments to indictments). Although petitioner cites DePierre v. United States, ___ U.S. ___, 131 S. Ct. 2225 (2012), to argue "circumstantial evidence of a substance may not include evidence of physical appearance of the substance of the involved crime," DePierre's holding is limited to interpreting "cocaine base" in 28 U.S.C. § 841(a) to mean more than simply crack cocaine. Furthermore, "[L]ay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction." United States v. Scott, 725 F.2d 43, 45 (4th Cir. 1984) (citing United States v. Gregorio, 497 F.2d 1253, 1263 (4th Cir. 1974)).

6

pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984), to establish the ineffective assistance of counsel. The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[2] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

Petitioner fails to establish any deficient performance by counsel. The civil forfeiture proceedings against the $57,595 found in petitioner's car and pockets did not implicate double jeopardy to plaintiff's criminal prosecution. "The removal of an instrument of the offense is not primarily an act of punishment; rather, forfeiture protects the community from the threat of continued drug dealing. . . . [T]he Double Jeopardy Clause does not apply to civil forfeitures where the property itself has been an instrument of criminal activity." United States v. Cullen, 979 F.2d 992, 994-95 (4th Cir. 1992). See United States v. Borromeo, 995 F.2d 23, 25 (4th Cir. 1993) (applying Cullen to proceeds of illegal activity). See also United States v. Ursery, 518 U.S. 267, 270-71 (1996) (holding a civil forfeiture pursuant to 21 U.S.C. § 881(a)(6) did not

---

[2] If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether he has satisfied the other prong. Id. at 697. "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

constitute punishment for purposes of the Double Jeopardy Clause). Furthermore, petitioner and the United States explicitly agreed in the forfeiture action that petitioner did not admit to any criminal behavior, and thus, the civil forfeiture via 21 U.S.C. § 881(a)(6) did not constitute punishment for purposes of the Double Jeopardy Clause. Accordingly, counsel did not perform deficiently by not arguing this claim.

Similarly, counsel was not deficient for not arguing that the statute of limitations barred prosecution of the conspiracy charge. See 18 U.S.C. § 3282(a) (stating the statute of limitations for a conspiracy charged pursuant to 21 U.S.C. § 846 is five years). Instead, the statute of limitations is satisfied if the United States alleges and proves that the conspiracy continued into the limitations period without being abandoned, accomplished, or terminated. United States v. Seher, 562 F.3d 1344, 1364 (11th Cir. 2009). I noted during trial that, "I have never seen a stronger case for a conspiracy," because the evidence established how petitioner had acted in concert with numerous drug dealers during the applicable five year limitations period. (Day 3 Tr. 66.) Furthermore, petitioner's additional argument that proof of an overt act in furtherance of the conspiracy needs to occur within five years is incorrect. See United States v. Shabani, 513 U.S. 10, 17 (1994); United States v. Burns, 990 F.2d 1426, 1435 (4th Cir. 1993). Moreover, the Court of Appeals already affirmed that the evidence was sufficient to convict petitioner of the conspiracy charge.

Petitioner also argues counsel was ineffective because counsel unsuccessfully tried to exclude the ion scan results. Counsel cross examined the United States' witnesses and argued that the ion scan results should be excluded based on the Rules of Evidence. Unsuccessful, counsel appealed my rulings to the Court of Appeals, which held after reviewing the entire

8

record that the ion scan results were properly admitted. Petitioner fails to show how counsel's strategic decisions about how to challenge the ion scan results fell below an objective standard of reasonableness.

Petitioner further argues counsel was ineffective for not challenging "historical evidence"[3] as insufficient to prove the conspiracy charge beyond a reasonable doubt. Petitioner complains that he was convicted of conspiring to distribute cocaine without evidence of controlled buys, interrupted deliveries, or possession of cocaine. However, both the jury and the Court of Appeals determined that the evidence was sufficient to establish petitioner's involvement with the conspiracy despite counsel's reasonable strategic decision to challenge the United States' case-in-chief with other arguments. Accordingly, I cannot find counsel deficient for not arguing "historical evidence," and petitioner fails to establish that such an argument creates a reasonable probability that the jury verdict would have been different.

Finally, petitioner argues that counsel was ineffective for not challenging this court's jurisdiction over the criminal proceedings. A grand jury charged petitioner with violating the laws of the United States in the Western District of Virginia. See U.S. Const. art. III, § 1 (authorizing the Supreme Court of the United States and inferior courts as created by Congress); 18 U.S.C. § 3231 (creating exclusive, original jurisdiction to district courts for violations of the laws of the United States). No jurisdictional error exists, and counsel could not be deficient for not arguing this claim.

---

[3] Petitioner uses the term "historical evidence" to refer to the police's investigative techniques, like multiple interviews of people in a community to build a case against a particular person of interest.

9

## III.

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss petitioner's motion to vacate, set aside, or correct sentence. Based upon my finding that the petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the petitioner and counsel of record for the United States.

**ENTER**: This _3rd_ day of ~~December, 2012.~~ Jan., 2013.

Senior United States District Judge

10