CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 30 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:08-cr-00022-1 |
| v. | MEMORANDUM OPINION |
| TSAIKUWN ALDAGO HAIRSTON, Petitioner. | By: Hon. Jackson L. Kiser Senior United States District Judge |

Petitioner Tsaikuwn Aldago Hairston, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Court records reveal that Petitioner was already denied § 2255 relief for the same conviction and/or sentence. ECF no. 203-04. Thus, Petitioner's current § 2255 motion is a second or subsequent one under § 2255(h).[1] I may consider a second or successive § 2255 motion from Petitioner only upon specific certification from the Fourth Circuit Court of Appeals that a claim in the motion meets certain criteria. See 28 U.S.C. § 2255(h). As Petitioner has not submitted evidence of having obtained certification to file a second or successive § 2255 motion, I must dismiss the § 2255 motion without prejudice and deny as moot the motion to amend the § 2255 motion. Based upon my finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 30th day of June, 2014.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[1] I note that in United States v. Hairston, No. 12-8096, 2014 U.S. App. LEXIS 10846, 2014 WL 2600057 (4th Cir. June 11, 2014), the Fourth Circuit held that a "numerically second § 2255 motion should not be considered second or successive pursuant to 28 U.S.C. § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." In the instant matter, however, there are no new facts upon which Petitioner is relying. Rather, Petitioner's claim is based on a change of law, pursuant to Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013), that he believes affects his sentence. See E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006) (holding federal court of appeals decision not a qualifying fact under § 2255(f)(4)).