CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 29 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 4:08CR00022 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **TSAIKUWN ALDAGO HAIRSTON,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for United States; Christine Madeleine Lee,* FEDERAL PUBLIC DEFENDER'S OFFICE, *Roanoke, Virginia.*

The defendant, a federal inmate sentenced by the late District Judge Jackson L. Kiser of this court, has filed a pro se motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Upon consideration of the motion on the merits, it will be denied.

I.

The defendant, Tsaikuwn Aldago Hairston, was found guilty by a jury of conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One), possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two), perjury, in violation of 18 U.S.C. § 1623 (Count Three), and committing an offense while on pretrial release, in violation of 18 U.S.C. § 3147 (Count Four). He was sentenced

by judgment entered February 1, 2010, to a total of 301 months, below the guideline range, plus the statutory mandatory consecutive minimum sentence of 60 months. The court resentenced Hairston by judgment entered September 11, 2019, to a total of 240 months, consisting of 179 months on Count One, 60 months on Count Three to be served concurrently with Count One, 60 months on Count Two to run consecutively to the other counts; and one month on Count Four to run consecutively with the other counts. J., ECF No. 230. His present projected release date from prison is October 22, 2026. He is 42 years old and is incarcerated at Cumberland FCI.

On June 3, 2021, Hairston filed a pro se motion seeking compassionate release. The Federal Public Defender was immediately appointed to represent Hairston and was granted leave on August 12, 2021, to file a supplemental motion. No such supplemental motion was timely filed and on October 4, 2021, the United States filed a response to the pro se motion. No reply has been filed on Hairston's behalf and the matter is thus ripe for decision.

II.

Hairston asserts three grounds for his release: (1) His sentence was excessive; (2) He "has shown a record of rehabilitation demonstrating, if released, he is no

danger to the public"; and (3) The risk in prison from COVID-19.  Mot. 32, ECF No. 237.[1]

The government has shown that as of June 3, 2021, Hairston was fully vaccinated with the Moderna COVID-19 vaccine, Resp. Ex. A, ECF No. 244, thus substantially reducing the risk that he faces.  *See United States v. Smith*, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("According to the CDC, the Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials. . . Accordingly, absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A).").

I recognize and applaud Hairston's efforts to rehabilitate himself while in prison.  I also understand his desire to return to his family after his lengthy period of

---

[1] Hairston also appears to make a claim under § 404 of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5222, which made retroactive the lowered mandatory minimum sentences for crack cocaine offenses adopted in the Fair Sentencing Act of 2010 and gave district courts the power to reduce the sentence of an eligible defendant.  But Hairston was resentenced after the adoption of the First Step Act of 2018 and there is no evidence that the court did not consider the lowered mandatory minimums in arriving at the reduced sentence.  In fact, prior to the resentencing, the Probation Office prepared an Addendum to the Presentence Report, ECF No. 224, noting the effect of the First Step Act of 2018 on Hairston's case.   Section 404(c) provides that the court may not entertain a motion to reduce sentence "if the sentence was previously imposed . . . in accordance with the amendments made by . . . the Fair Sentencing Act of 2010."  In any event, even if § 404 applied, I would not exercise my discretion to reduce Hairston's sentence based upon the § 3553(a) factors discussed herein.

incarceration. Nevertheless, I do not find these facts are sufficiently extraordinary and compelling to justify a reduction in his sentence. Moreover, my consideration of the relevant factors set forth in 18 U.S.C. § 3553(a) convince me that his present sentence is appropriate.

Hairston was involved in a motor vehicle accident on March 16, 2006, while on his way to purchase cocaine. As a result, police seized a total of $57,595 found on his person and in his car. While on pretrial release, Hairston sought to recover the money and in attempting to so, submitted copies of false income tax returns to the court. The evidence revealed that Hairston had operated a large illegal drug business from a front business, a vehicle body shop, in Martinsville, Virginia. He and coconspirators obtained the distributed drugs from Mexico. The defendant and coconspirators regularly carried firearms on their persons and in their vehicles while they were involved in drug activities. Presentence Investigation Report ¶15, ECF No. 223.

Based on the quantity of drugs involved, Hairston had a base offense level of 38 and with enhancements, a total offense level of 46. He had a prior criminal history, including a conviction of possession of a firearm as a felon. In that case, Hairston had been arrested on a college campus parking lot with a quantity of marijuana and $4,000 in cash on his person, along with a loaded semi-automatic 9-mm pistol. *Id.* at ¶ 41.

Based on the court's requirement to consider the need to reflect the seriousness of Harston's crime, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant, the present sentence is sufficient, but not greater than necessary. 18 U.S.C. § 3553(a).

III.

For the reasons stated, it is **ORDERED** that the Motion to Dismiss, ECF No. 246, is GRANTED, and the Motion for Reduction in Sentence, ECF No. 237, is DENIED.

ENTER: October 29, 2021

/s/ JAMES P. JONES
Senior United States District Judge