CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 17 2023

LAURA A. AUSTIN, CLERK
BY:  s/ H. MCDONALD
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 4:08CR00022-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TSAIKUWN ALDAGO HAIRSTON,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Christine Madeleine Lee, Assistant Federal Public Defender, Roanoke, Virginia, for Defendant.*

Tsaikuwn Aldago Hairston, a federal inmate sentenced by the late District Judge Jackson L. Kiser, seeks a reduction in his sentence to 180 months or time served, in accord with § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (2018 FSA), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) (2010 FSA).  For the reasons explained below, I decline to reduce Hairston's sentence to the extent he requests but find that a reduction of 12 months is warranted.

## I.

In 2009, Hairston was convicted by a jury of conspiracy to distribute more than 50 grams of cocaine base (crack cocaine) and more than 5,000 grams, or 5

kilograms, of cocaine powder, in violation of 21 U.S.C. § 846 (Count One); possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); perjury, in violation of 18 U.S.C. § 1623 (Count Three); and committing an offense while on terms of release, in violation of 18 U.S.C. § 3147 (Count Four). Hairston was sentenced in January 2010. Counts One and Two involved statutory mandatory minimums, 20 years and 5 years, respectively.[1] The low end of Hairston's advisory guideline range was 360 months — plus a consecutive 60 months. Sent'g Tr. 14, ECF No. 119.[2] The high end of the guidelines range, and the total maximum statutory term of imprisonment, was life.

Prior to his sentencing hearing, Hairston moved for a downward variance, arguing that a life sentence would be disproportionate to the sentences received by others and would violate the Constitution. The court granted that motion, finding that the originally calculated life sentence would be "major overkill" and also that a sentence below 360 months would be appropriate. *Id.* at 18. The court imposed a total term of imprisonment of 301 months, which consisted of 240 months on Count One, the mandatory minimum, 60 months on each of Counts Two and Three, and 1

---

[1] The 20-year mandatory minimum was the result of an increased penalty range for a felony drug possession conviction in state court. Notice of Enhancement, ECF No. 34.

[2] The guidelines range found to be applicable differs from the one listed in Hairston's original Presentence Investigation Report (PSR). The difference stems from Judge Kiser's determination at Hairston's sentencing hearing regarding the obstruction of justice enhancements. *See infra* note 5.

month on Count Four.  As was required, the sentences for Counts Two and Four ran consecutively to the other sentences.  Hairston appealed his conviction, and the judgment was affirmed by the court of appeals.  *United States v. Hairston*, 409 F. App'x 668 (4th Cir. 2011) (unpublished).

Thereafter, Hairston moved for sentence reductions under certain amendments to the advisory sentencing guidelines pursuant to the 2010 FSA.  Both motions were denied.  Then, in 2019, Judge Kiser sua sponte granted Hairston a sentence reduction from 301 months to 277 months pursuant to § 404 of the 2018 FSA.

Later that year, the government filed a Rule 35 Motion for Substantial Assistance Consideration, in which the government asserted that Hairston's cooperation in the investigation and prosecution of others warranted a further reduction of 37 months.  The court granted that motion, and Hairston's total sentence was reduced to 240 months.

On August 25, 2022, Hairston, by counsel, filed an Unopposed Motion to Vacate three previous Fair Sentencing Act and First Step Act-related orders, including the 2019 Order reducing Hairston's sentence to 277 months.  Prior to that 2019 Order, a standing order had been entered in this district appointing the Federal Public Defender to represent indigent defendants who might qualify for relief under § 404 of the 2018 FSA.  However, the court had granted the 2019 reduction sua

sponte, without participation of counsel.  On October 21, 2022, I granted Hairston's Motion to Vacate and directed him to file another § 404 motion.

In his instant motion, Hairston asserts that he is eligible for sentence reduction under § 404 of the 2018 FSA and that his sentence should be reduced based on the § 3553(a) sentencing factors.  He specifically argues that a variance of 17% off his current sentence of 240 months would be 199 months, and that such a variance is comparable to the original variance he received at his sentencing hearing.  He contends that an additional reduction to 180 months or time served is warranted because of his "superlative prison adjustment" and "exceptional rehabilitation." Mot. to Reduce Sentence 4, ECF No. 254.

The government concedes that Hairston is entitled to be considered for a sentence reduction under § 404.  However, it contends that no further reduction is justified because (1) the remedial purpose of the First Step Act is inapplicable in this case, (2) the mutually-agreed reduction under the Rule 35 Motion was imposed after the 2018 FSA and in light of post-sentencing factors, and (3) a lesser sentence will not satisfy the purposes of § 3553(a).

Hairston, now 43 years old, is currently housed at FCI Cumberland and has a projected release date of December 2, 2026.

II.

Congress passed the 2010 FSA "to correct the harsh disparities between crack and powder cocaine sentencing." *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022). Specifically, it "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving powder at 500 grams and 5,000 grams respectively)." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). It also instructed the United States Sentencing Commission to amend the federal sentencing guidelines to conform to the 2010 FSA, but those amendments could not alter the statutory minimums for those defendants who were sentenced before August 3, 2010. *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020).

Congress then passed the 2018 FSA, which made the provisions of the 2010 FSA retroactive to those defendants whose sentences were imposed before August 2010. *Id.*

As noted by the court of appeals,

> Section 404 of the FSA 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. Covered offenses are those for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010. § 404(a), 132 Stat. at 5222.

-5-

> Importantly, "[n]othing in [§ 404] shall be construed to require a court to reduce any sentence pursuant to this section." § 404(c), 132 Stat. at 5222.
>
> The FSA 2018 "fits under the narrow exception to finality provided by [18 U.S.C.] § 3582(c)(1)(B) because it expressly permits the court to modify a term of imprisonment." *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019) (internal quotation marks and emphasis omitted). Available relief under the Act is limited to a sentence modification rather than a plenary resentencing. *See id.* at 181 n.1.

*United States v. France*, 799 F. App'x 191, 192 (4th Cir. 2020) (unpublished). Section 404 of the 2018 FSA thus allows, although it does not require, courts to consider the intervening changes brought by the 2010 FSA in exercising their discretion to reduce a defendant's sentence. *Concepcion*, 142 S. Ct. at 2404. It also permits courts to consider intervening changes of fact, such as evidence of rehabilitation. *Id.* at 2401–03. Furthermore, courts must consider the factors set forth in 18 U.S.C. § 3553(a) in deciding to grant relief under § 404. *United States v. Swain*, 49 F.4th 398, 400 (4th Cir. 2022).

Turning to the matter at hand, I agree with both parties that Hairston is eligible for a reduction under § 404 because his conviction involving crack cocaine is a covered offense, even though he also was convicted of and sentenced for a non-covered offense involving powder cocaine. *Gravatt*, 953 F.3d at 264.[3] I understand

---

[3] Because I vacated the 2019 § 404 reduction, § 404(c)'s limitation prohibiting consideration of a motion when a sentence has already been reduced is inapplicable.

the government's argument that the purpose of the 2018 FSA is not as relevant when a defendant's conviction involves both substances.  However, as the *Gravatt* court stated, "[i]f Congress intended for the Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language. But it did not." *Id.*  Thus, I do not find it appropriate to dismiss Hairston's motion just because the remedial purpose of the 2018 FSA is less applicable when the crime involved both crack cocaine and powder cocaine.[4]

Having found that the defendant is eligible for a reduced sentence, I must now decide whether such a reduction is appropriate based on the applicable guidelines range and the § 3553(a) sentencing factors.  Hairston's statutory mandatory minimum for his drug conviction is 15 years, 21 U.S.C. §§ 841(b)(1), 851, plus an additional mandatory minimum of 5 years due to his firearms conviction. *Id.* § 924(c).  However, as pointed out by both parties, I am not bound by the mandatory minimums because of the government's Rule 35 motion.  The applicable guidelines range, due to his total offense level of 39 and criminal history

---

[4]   I recognize that the Fourth Circuit has stated that a court's discretion "must be reviewed in light of the First Step Act's remedial purpose," but it did so in discussing the discretion to not impose a sentence reduction. *Swain*, 49 F.4th at 403.

category of III, is 324 to 405 months, plus 60 months consecutive.[5]  Addendum to the PSR 3, ECF No 224.

I turn now to § 3553(a) factors.  The § 3553(a) factors I must consider include the nature of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with training, medical care, or other effective correctional treatment; and the need to avoid unwarranted sentence disparities.  As an initial matter, the government argues that Hairston's current sentence already accounts for the 2018 FSA and the § 3553(a) factors.  I disagree.  Although the Rule 35 motion was granted after the now vacated § 404 reduction, there is no indication what, if any, of the § 3553(a) factors were considered in either reduction.  Nor is it necessarily true that had Hairston's sentence still been 301 months at the time of the government's Rule 35 motion, the government would have asked for, and the court would have granted, the same

---

[5]  The government states that Hairston would have a base offense level of 36 under the current Sentencing Guidelines but contends that his total offense level would be 44. This purported total offense level is seemingly based on the original PSR's addition of 5 points for two obstruction of justice enhancements. PSR ¶¶ 28, 29, ECF No. 223. I agree that Hairston's base offense level is 36 based on the drug weight attributed to him. U.S. Sent'g Guidelines Manual (USSG) § 2D1.1(c)(2) (2021).    However, at the sentencing hearing, Judge Kiser found that the application of points for the obstruction of justice enhancements would be inappropriate in light of the fact that the facts supporting the enhancements were part of one of the defendant's substantive convictions. Sent'g Tr. 10–11, ECF No. 119.  I agree with Judge Kiser's finding and thus find Hairston's total offense level to be 39, which accounts for the role in the offense adjustment, PSR ¶ 27, ECF No. 223, but not the two obstruction of justice adjustments.

reduction. However, I recognize that the total sentence for which Hairston is currently serving, 240 months, is significantly below the low end of the current applicable guideline range.

Moreover, I agree with the government that the defendant's offenses were serious in that they involved significant quantities of cocaine, the possession of a firearm, and falsified tax returns. Hairston was in his late twenties when he committed the crimes for which he is currently serving a sentence, so immaturity cannot explain his conduct, and his criminal history is troubling in that he already had prior convictions for possession of cocaine and possession of a firearm by a convicted felon when he committed the offenses for which he is currently serving time. PSR ¶¶ 40, 41, ECF No. 223. Thus, the nature of the offenses, Hairston's pre-sentencing history, the need to provide just punishment, and the need to avoid sentencing disparities with others convicted of similar crimes weigh against reduction, especially to the extent Hairston requests.

Nevertheless, there are intervening changes of fact that are pertinent in my holistic review of the appropriateness of Hairston's sentence. *United States v. Collington*, 995 F.3d 347, 355 (4th Cir. 2021), *abrogated on other grounds by Concepcion*, 142 S. Ct. 2389 (2022). Hairston's conduct while incarcerated "provides the most up-to-date picture of [his] 'history and characteristics.'" *Pepper v. United States*, 562 U.S. 476 (2011). The evidence shows that Hairston has been

a model prisoner, with only one minor infraction that occurred over a decade ago. He has completed numerous educational and vocational programs. He received a letter of recommendation from a supervisor in 2019 explaining that Hairston demonstrates leadership qualities and maintains high standards for himself.

Moreover, Hairston has submitted evidence showing that he was the victim of sexual assault by a Bureau of Prisons staff member. Although Hairston's records do not show any lasting psychological issues because of the assault, the fact that Hairston had to go through such an ordeal is pertinent to his post-sentencing history and characteristics. Hairston has also submitted evidence showing that he is considered by the Bureau of Prisons to be a low recidivism risk, that he has substantial community and familial support, and that he has employment opportunities awaiting him after he is released. Furthermore, he demonstrated that he has accepted responsibility for his criminal conduct. I find that this evidence shows that Hairston's potential danger to the community and the need for specific deterrence has diminished, and that the current snapshot of his history and characteristics weigh in favor of some reduction.

For these reasons, I find that a reduction of 12 months, to a total term of incarceration of 228 months, would be appropriate to account for Hairston's marked rehabilitation and his up-to-date history and characteristics, while also accounting

-10-

for the seriousness of Hairston's offenses, his substantial role in such offenses, and his pre-sentencing history and characteristics.

III.

Accordingly, it is **ORDERED** that the Motion to Reduce Sentence, ECF No. 254, is GRANTED, and the defendant's sentenced is hereby reduced to a total term of 228 months as to Counts One, Two, Three, and Four.  The defendant's sentencing judgment shall otherwise remain unchanged.

ENTER:  May 17, 2023

/s/  JAMES P. JONES
Senior United States District Judge